FRANCIS GALONKA, RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

Argued January 19, 1943—Decided March 1, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *McCarter, English & Egner* (*Nicholas Conover English*).

For the respondent, *Ephraim Frank Schwartz* and *Michael Andrus*.

The opinion of the court was delivered by

BODINE, J. The appeal is from the failure to direct a verdict for the defendant in an action brought to recover the face value of a policy of life insurance. The premiums received were tendered to the beneficiary after the death of the insured.

The policy contains the following clause: "if within *two years prior to the date of issue of this Policy the Insured has received* institutional, hospital, *medical,* or surgical treatment or attention, *and* the Insured or *any* claimant *under the Policy fails to show* that the condition occasioning such treatment or attention was *not of a serious* nature or was not material to the risk, *this Policy shall be* voidable by the Company either before or after any claim *unless reference to such* institutional, hospital, *medical,* or surgical treatment or attention is *endorsed* on this Policy by the Company. Provided, however, that this Policy shall not be voidable because of absence of endorsement referring to any information which was disclosed in a written application for this Policy. If this Policy does not take effect, or is voided by the Company, the Company will return the premiums paid." The italics are ours.

The defendant showed the insured was treated for minor complaints and run down condition in 1939 and 1940. The policy was issued March 1st, 1941. She had also been treated by another physician in 1939 for hypertensive cardiovascular disease of which she died. She was also treated for vaginal hemorrhage on January 10th, 1940.

None of these treatments were mentioned to the examining physician or endorsed on the policy. This was fatal. A somewhat similar provision in a policy was held unquestionably valid. *Winter* v. *Metropolitan Life Insurance Co.,* 123 *N. J. L.* 568; *Winter* v. *Metropolitan Life Insurance Co.,* 129 *Id.* 187.

The clause before us is very broad. When the company showed medical or surgical treatment within the two year period and that such treatment was undisclosed and was not endorsed on the policy, it was entitled to a direction of a verdict, because the burden of offering evidence shifted and the beneficiary should have shown, if so in fact, that the treatments were not for a serious condition and the disclosure would not have been material to the risk.

The judgment is reversed, with costs.